United States District Court
Southern District of Texas
FILED

CAUSE NO. _____    **B** 0 3 - 0 7 7 .—

APR 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EX PARTE | )( | IN THE DISTRICT COURT |
| | )( | SOUTHERN DISTRICT OF TEXAS |
| RAMON JAVIER ALMARAZ-LEYVA | )( | BROWNSVILLE, TEXAS |

## PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, RAMON JAVIER ALMARAZ-LEYVA, Petitioner, under 28 U.S.C. § 2241 , who, through Counsel,  complains that he is illegally restrained of his liberty due to a removal order by the Immigration and Naturalization Service, (See Exhibit 1),  that such order is in violation of the Constitution or laws or treaties of the United States, and as such,  moves the Court to grant a writ of habeas corpus, and, and in support of such motion respectfully alleges and shows:

### I. Jurisdiction

Petitioner lives within the District in which this proceeding is brought, and the Immigration Service Office restraining his liberty and seeking his removal lies within the District.

### II. Venue

Venue in is proper because  petitioner is restrained of his liberty by the Immigration Service Office within this district.

### III. Restraint of Liberty

Petitioner was the defendant in Removal Proceedings under Section 240 of the

Immigration and Nationality Act, File No. A38 780 43 Harlingen, Texas , April 6, 1998. Petitioner is not a citizen nor a national of the United States. Petitioner is a native of Mexico and a citizen of Mexico. Petitioner was admitted to the United States by the Immigration and Naturalization Service.

On April 6, 1998 an Immigration Judge determined that Petitioner was ineligible for relief from removal because of evidence admitted indicating Petitioner's had been placed on "deferred adjudication" for possession of cocaine. Possession of a Controlled Substance (cocaine), less than one gram, is a "state jail" felony in the State of Texas. The Immigration Judge determined that Petitioner met the criteria set under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that at any time after admission, Petitioner had been convicted of an aggravated felony as defined in Section 101(a)(48)(A) of the Immigration and Naturalization Act (the Act).

Petitioner appealed the April 6, 1998  determination and removal order of the Immigration Judge.  On August 1, 2002, a final decision of the Board of Immigration Appeals denying his request for reinstatement of proceedings was entered by the Board. See Exhibit 1. In its decision, the Board stated that Petitioner's removability under section 237(a)2)(B)(i) of the Act (8 U.S.C. Sec. 1227(a)(2)(B)(i)) "depends on whether the aforementioned deferred adjudication of guilt in the respondent's state proceedings constitutes a 'conviction', and also on whether the underlying crime constitutes an 'aggravated felony' for purposes of relief eligibility." Exhibit 1, p. 1.

In its ruling, the board first determined that section 1101(a)(48)(A) of the Act, defines conviction, and by definition this section of the Act makes  deferred adjudication a conviction in

immigration proceedings, thus "giv[ing] no effect to state rehabilitative actions." <u>Matter of Salazar</u>, 23 I&N Dec 223 (BIA 2202). The Board noted that <u>Moosa v. INS</u>, 171 F. 3d 994 (5h Cir. 1999) had specifically ruled that 'deferred adjudication under Article 42.12, section 3(d) (now section 5(a)) of the Texas Code of Criminal Procedure constitutes a "conviction" for purposes of the immigration laws." Exhibit 1, p. 2.

The Board also stated that Petitioner's placement on deferred adjudication for the underlying offense, considered a conviction under federal law for immigration purposes, was classified by the State of Texas as a "jail felony". Referring to two cases dealing with possession of marijuana, also classified as a controlled substance, the Board indicated that it would follow the reasoning in these cases and rule that Petitioner was ineligible for any relief. <u>United States v. Hernandez-Avalos</u>, 251 F. 3d 505(5th Cir 2001), cert. denied, 122 S.Ct. 305 (2001); <u>United States v. Hinojosa-Lopez</u>, 130 F. 3d 691 (5th Cir. 1997).

IV

Petitioner argues that the removal order must be set aside, and this cause remanded to the Board of Immigration Appeals with instruction to grant Petitioner relief from removability, and for cause, would show:

**A. Underlying "Conviction" cannot be applied without violating his right to due process.**

A. Following <u>INS v. St. Cyr</u>, 533 U.S. 289, 322 (2001), Petitioner has been advised that the failure of his counsel to advise him of his certain removal if convicted and the failure of the trial court to admonish him on the full immigration consequences of his guilty plea, and acceptance of deferred adjudication, violates the due process requirements of the Constitution of the United States. As the St. Cyr Court noted, "There is a clear difference ... between facing

possible deportation and facing certain deportation." Id, 533 U.S. at 325, referring to Hughes

Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 949 (1997) and Lindsey v.

Washington, 301 U.S. 397, 401 (1937).

      As such, Petitioner argues that his plea and subsequent placement on community

supervision (Texas' version of Probation) under Texas's deferred adjudication rules is a nullity A

judgment of a Court in violation of the United States Constitution is void. Alabama v. Shelton,

122 U.S. 1764. 1773, & 1776 (2002).  As such, the application of the conviction under Section

237(a)(2)(B)(i) of the Act as an aggravated felony under section 1101(1)(43)(A) of the Act

should be prohibited, and Petitioner must not be removed hence.

**B. Decision of Board of Immigration Appeals has been effectively overruled.**

      Petitioner argues that decisions by both the immigration judge and the Board of

Immigration Appeals have been effectively overruled by later decisions.

      The Board noted that Matter of Salazar, 23 I&N Dec 223 (BIA 2202) and Moosa v. INS,

171 F. 3d 994 (5h Cir. 1999) controlled its determination as to whether "deferred adjudication"

should be considered a conviction for immigration purposes. However, those decisions did not

have the benefit of later Supreme Court decisions concerning challenges to the voluntariness of a

plea. INS v. St. Cyr, 533 U.S. 289, 322 (2001).  Such decision made the issue of "conviction"

irrelevant if the plea which led to what is now considered a conviction for immigration purposes

was not voluntary, and, as such,  is not to be given effect in immigration proceedings because a

defendant's right to due process was violated.  See also, United States v. Gironsky-Garibay, 176

F. Supp. 2d 705 (2001).

      Petitioner argues that the question of whether possession of a controlled substance

(cocaine) is an "aggravated felony" has now been narrowly defined under the United States

Sentencing Guidelines, app. C. comment. to amend. 632 (Nov. 2001) as being a "drug

trafficking offense". United States v. Sanchez, 179 F. Sup. 689, 692 (2001). In Sanchez, the

probation office had applied an "8-level increase to a base offense level for illegal re-entry,

reasoning that the prior conviction was an 'aggravated felony'". Id., 179 F. Supp. At 690. The

prior conviction was for possession of cocaine, less than one gram. Id. The Sanchez court

reasoned that it would be absurd to apply the Hinojosa-Lopez definition [infra] of aggravated

felony as being 'any felony punishable under the Controlled Substances Act'" which makes it an

'aggravated felony' under the Immigration Act and supposedly under the sentencing guidelines.

The court ruled that the better construction of the meaning of the various statutes concerning

whether an offense is aggravated in a sentencing context and in an immigration context is to

avoid "absurd results". Id.

As such, because it is absurd to apply the rule differently in different contexts, the Court

ruled that the Guidelines changes acted to redefined the meaning of "aggravated felony" to the

point that anyone convicted of simple possession of a controlled substance should not be

included within that definition in any federal context.

Following the reasoning in United States v. Sanchez and in Gironsky-Garibay, Petitioner

argues that the decisions by both the immigration judge and the Board of Immigration Appeals

have been effectively overruled and cannot stand.

**C. The Structure of the Union of States and the Federal Government prohibit the Federal
Government forcing the States to deny to person within it that which the Federal
Government itself cannot do.**

Petitioner argues that the requirements of the relationship between the Federal

Government and the component states which comprise the union are such that the Federal

Government cannot require the States to do what itself is prohibited from doing by the

Constitution. See Charles L. Black, Structure and Relationship in Constitutional Law, p. 43,

Louisiana State University Press ( (1969). The 14th Amendment of the United States Constitution

prohibits States from "deny[ing] to any person within its jurisdiction the equal protection of the

laws." The 5th Amendment prohibits the federal government from "depriv[ing] [any persons] of

life, liberty, or property, without due process of law." The 9th Amendment acts as a caveat to

warn all that [t'he enumeration in the Constitution, of certain rights, shall not be construed to

deny or disparage others retained by the people.' The 10th Amendment notes that'[t]he powers

not delegated to the United States by the Constitution, nor prohibited by it to the States, are

reserved to the States respectively, or to the people."

Inherent in the structural relationship between the states and the government

implementing the requirements of a more perfect union is the concept of a federal government of

limited powers. Petitioner argues that this structure permits and grants the states full plenary

power over crimes within its jurisdiction, including the power to forgive and the power to

rehabilitate. In Texas, the system of deferred adjudication has been developed by the state as a

means of opening a door to a less stringent method of dealing with those who have been alleged

to have committed felonies. By accepting its benefit, the fact of no conviction, a person retains

all the rights of citizenship, and, if not a citizen, when qualified to become one, may exercise all

the benefits associated with it. By agreeing to being placed on deferred adjudication, however,

the Defendant does give up certain rights. The defendant cannot file a motion for a new trial, if

later convicted, and he cannot appeal any sentence he receives if convicted. He also has no

sentence, and thus is subject to the full range of sentence, should the trial court decide to sentence the Defendant in the event of failure to follow the dictates of community supervision. Tex. Code Crim. Pro. art. 44.01(j) (Vernon); Dillehey v. State, 815 S.W.2d 623 (Tex. Crim. App. 1991); State v. Davenport, 866 S.W.2d 767 (Tex. App. San Antonio 1993) (no right to motion for new trial following deferred adjudication); Tex. R. App. Pro. 25.2; Watson v. State, 924 S.W.2d 711 (Tex. Crim. App. 1996); Manuel v. State, 944 S.W.2d 658 (Tex. Crim. App. 1999) (defendant may not appeal original plea after adjudication).

Petitioner argues that the plenary power of the state of Texas in agreeing to postpone conviction in order to permit a defendant to benefit from the state's desire to ameliorate the harshness of a felony conviction of any type must be balanced with the need by the Congress to regulate and control immigration and naturalization. While Petitioner agrees that the Federal Government alone controls immigration, he urges this court to recognize that immigrants are no longer a small portion of American Society, but rather permeate all states of the union. Their numbers are such that by requiring the states to deny to immigrants the benefits of state ameliorative efforts to rehabilitate, in effect, requires States to abridge the very rights it must respect under the 14th Amendment, and which, if that amendment did not exist, very likely, based on the structure of the Union, would be incorporated onto the obligations of the states to preserve the rights of persons within its borders. The federal government itself cannot deny persons within the United States the very protections the states offer. When the federal government denies the benefit a state is offering by declaring, as the immigration board did in this case, that the benefits of deferred adjudication are not to be respected, it is tantamount to denying those very rights which the state intended to grant to this defendant, and which its plenary power to

regulate the punishment of crime permits it to do under the 10th Amendment. If, defacto, the result is that the benefit of deferred adjudication, that no felonious consequences shall result from the plea, is undercut by the federal interpretation, the federal government is violating the right of the state of Texas to maintain order within its own dominion. Petitioner states that the Board should not have this power, that the congress does not have the power to grant the board such leverage to the Immigration Service, and that his status as a non-felon must be respected and not used against him in any immigration proceeding.

F. Misapplication of "jail felony" as aggravated under Texas Definition.

Petitioner avers that the Board misapplied Texas law as regarding Petitioner's underlying offense as a "jail felony" and as such, an "aggravated felony". Such is an erroneous application of Texas law. In descending order of severity, the five degrees of felony offenses in Texas are: capital, first degree, second degree, third degree, and state jail felony.  Tex. Penal Code § 12.04. In two bills, the 73rd Legislature created a new punishment category, the state jail felony, and a new division of the Texas Department of Criminal Justice, the state jail division. With these changes in criminal sentencing, judges can sentence low-level property and drug offenders to local corrections programs and state jails, reserving lengthy prison sentences for violent criminals and more serious property and drug offenders. Acts 1993, 73rd Tex. Leg., chs. 900 & 988. The punishment range for a state jail felony is 180 days-2 years in state jail and an optional maximum $ 10,000 fine. Tex. Penal Code § 12.35(a)-(b). A defendant must have committed the offense after August 31, 1994 to be convicted of a state jail felony.  Id.

There are significant differences between deferred adjudication supervision and postconviction supervision for a state jail felony. A jury does not decide whether to place a state

jail felony defendant on either form of community supervision.  <u>Anderer v. State</u>, 47 S.W.3d 60

(Tex. App. Houston [14th Dist.] 2001) (holding that provision authorizing judge only and not

jury to decide state jail felony community supervision does not violate Equal Protection Clause).

Before conviction, a judge may place any state jail felony defendant on deferred adjudication

supervision. The legislature intended to restrict state jail felony punishment to nonviolent,

low-level property and drug offenders. Originally, the legislature also intended to keep a

defendant within the state jail felony punishment, even upon subsequent conviction for a state

jail felony, as long as the defendant did not commit a violent or higher degree felony offense.

<u>Jones v. State</u>, 77 S.W.3d 819 (Tex. Crim. App. 2002).

Petitioner argues that the Board of Immigration Appeals erroneously applied Texas law

when it stated that the record reflects that the State of Texas has classified possession of a

controlled substance as a jail felony. Rather, the state has classified this charge, as found in this

case, as a "state jail felony", and has by its own rules of criminal procedure not classified this

charge as aggravated in any manner. As such, the reliance on Texas' interpretation of the offense

as a "jail felony" are in error, and Petitioner should not be considered as having been convicted

of an "aggravated felony". The special class of felony, state jail felony, by its very terms,

precludes such an interpretation.

PRAYER

WHEREFORE, applicant respectfully requests that the Court issue a writ of habeas

corpus requiring the Immigration Service to appear and after conducting a hearing thereon.  and

that Petitioner be ordered discharged from the illegal  restraint of his order of removal and that

the cause be remanded to the Immigration Service to reopen the removability hearing with

instructions to following the orders of this Court.

Respectfully Submitted by:

Philip T. Cowen
Law Office of Philip Cowen
934 E. Levee, Suite 201
Brownsville, Texas 78520
Texas Bar No. 24001933
TEL. 956-541-6031
FAX 956-541-6872
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PETITION FOR WRIT OF

HABEAS CORPUS, have been delivered via telefax and regular mail to the Immigration Service

at Harlingen, Texas, and on the United States Attorney, on this 25th day of April, 2003.

Philip T. Cowen

# EXHIBIT 1

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A38 780 543 - Harlingen

Date: AUG 01 2002

In re: RAMON JAVIER ALMARAZ-LEYVA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:     Emilio Crixell, Esquire

ON BEHALF OF SERVICE:     Lisa M. Putnam
                          Assistant District Counsel

CHARGE:

Notice:   Sec.   237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -
          Convicted of controlled substance violation

APPLICATION:   Reinstatement of proceedings

The Immigration and Naturalization Service (Service) has appealed the Immigration Judge's decision dated April 6, 1998, terminating the instant removal proceedings because a Texas state court entered a deferred adjudication of guilt in the respondent's state criminal case in which he was charged with possession of a controlled substance, a jail felony under state law.  *See* Group Exh. 2 (record of conviction).  The appeal will be sustained.

The respondent's removability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i), depends on whether the aforementioned deferred adjudication of guilt in the respondent's state proceedings constitutes a "conviction," and also on whether the underlying crime constitutes an "aggravated felony" for purposes of relief eligibility.

In terminating proceedings, the Immigration Judge relied on *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), in which the Board ruled that an alien who has been accorded rehabilitative treatment pursuant to a state statute will be not be deported where it was established that he would have been eligible for first offender treatment under federal law, had he been prosecuted under federal law. However, in *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), *overruled in part by Lujan-Armendariz v. INS*, 222 F.3d 728, 745049 (9th Cir. 2000), the Board subsequently held that the policy exception articulated in *Matter of Manrique, supra*, had been superseded by the enactment of section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A), defining "conviction," and which gives no effect to state rehabilitative actions in immigration proceedings. *See Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002).

XC Brader
    LMP
    200 make

A38 780 543

Further, since the Immigration Judge's decision was issued, both the United States Court of Appeals for the Fifth Circuit in which the instant case arises and this Board have specifically ruled that a deferred adjudication under Article 42.12, section 3(d) (now section 5(a)) of the Texas Code of Criminal Procedure constitutes a "conviction" for purposes of the immigration laws. *See Moosa v. INS*, 171 F.3d 994 (5th Cir. 1999); section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A); *Matter of Salazar, supra; Matter of Punu*, 22 I&N Dec. 224 (BIA 1998). Therefore, based on this legal authority the respondent's deferred adjudication for his drug-related crime constitutes a "conviction" under the immigration laws.

As to whether the respondent's conviction is for a crime constituting an "aggravated felony" for immigration purposes, the record reflects that the State of Texas has classified possession of a controlled substance as a jail felony. In light of this circumstance and consistent with the rulings by both the United States Court of Appeals for the Fifth Circuit and this Board, the respondent is removable as charged and does not appear eligible for any relief. *See United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.), *cert denied*, 122 S.Ct. 305 (2001); *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997); *Matter of Santos*, 23 I&N Dec. 419 (BIA 2002).

Accordingly, the Service's appeal will be sustained and the following orders will be entered.

ORDER: The appeal of the Immigration and Naturalization Service is sustained.

FURTHER ORDER: The removal proceedings against the respondent are reinstated.

FURTHER ORDER: The Immigration Judge's decision dated April 6, 1998, is vacated and the respondent is ordered deported to Mexico.

FOR THE BOARD

2